LILJEBERG, J.,
CONCURS IN PART AND DISSENTS IN PART WITH REASONS
hi have considered the majority’s opinion, and I agree that there is no manifest error in the trial court’s finding that Dr. Graham breached the standard of care in failing to obtain informed consent from Ms. Fanguy. I also find no error in the trial court’s decision to award past medical expenses for both the June 2008 and December 2008 procedures, and I agree that the award of past medical expenses should be amended from $49,664 to $48,607.69. However, I cannot agree with the majori *502 ty’s decision to increase the general damage award or to award damages for loss of enjoyment of life.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. Miller v. LAMMICO, 07-1352 (La. 1/16/08), 973 So.2d 693, 711. Appellate courts review a trial court’s general damage award using the abuse of discretion standard. Id. Based on my review of this case and the applicable jurisprudence, I see no abuse of the trial court’s discretion in awarding $33,000 in general damages to Ms. Fanguy. In my view, the caselaw does not establish that such an award is abusively low. Further, I cannot say that the trial court committed manifest error by failing to award damages for loss of enjoyment of life.
^Accordingly, I respectfully concur in part and dissent in part from the majority opinion. I would amend the award of past medical expenses, and affirm the trial court’s judgment as amended.